# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FERRELL STREET TRUST, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION, et al.,<br><br>Defendant(s). | 2:12-CV-2028 JCM (VCF) |

## ORDER

Presently before the court is defendant/counter-claimant Federal Home Loan Mortgage Corporation's ("FHLMC") motion to dismiss plaintiff/counter-defendant Alessi & Koenig, LLC ("A&K") without prejudice. (Doc. # 18). A&K filed a limited opposition and moved to interplead funds. (Doc. # 20). FHLMC filed a reply. (Doc. # 21).

**I.   Background**

This case is a quiet title action. On November 21, 2006, defendant Patricia Leon obtained title to real property located at 2794 Murray Hill Lane, Las Vegas, NV 89142 executing a deed of trust (the "property"), which is in Sunrise Highlands Community Association (the "Sunrise Highlands"). Over time, Leon became delinquent on her mortgage and homeowner's association payments. Based on the delinquent homeowner's association payments, Sunrise Highlands retained A&K, a homeowner's association law firm, to foreclose on the property pursuant to NRS § 116.3116 *et seq.*

**James C. Mahan**
**U.S. District Judge**

1    On March 7, 2012, FHLMC, a government sponsored entity involved in the mortgage market, held a foreclosure sale on the property under the deed of trust executed by Leon. Then on July 25, 2012, A&K foreclosed on a property on behalf of the homeowner's association. A&K sold the property at auction to plaintiff/counter-defendant Ferrell Street Trust ("Ferrell"). FHLMC's foreclosure was not recorded until July 26, 2012–one day after A&K foreclosed.

On September 27, 2012, plaintiffs A&K and Ferrell filed a complaint to quiet title on the property, for declaratory relief, and to interplead funds. On November 27, 2012, FHLMC filed its answer and counterclaim against Ferrell, A&K, and Leon. On January 10, 2013, Ferrell and A&K filed their answer to FHLMC's counter-claim.

Now before the court is FHLMC's motion to dismiss counter-defendant A&K without prejudice and A&K's motion to interplead funds.

**II.    Motions**

**A.    FHLMC's motion to dismiss counter-defendant A&K without prejudice (doc. # 18)**

FHLMC seeks to dismiss counter-defendant A&K without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). A&K does not oppose this motion. Instead, A&K requests that it be dismissed with prejudice.

The court construes FHLMC's request for A&K's dismissal and A&K's non-opposition to be dismissed from this action because it does not have any interest in the underlying dispute, as a stipulation to dismiss A&K. Both parties have made unequivocal statements that they wish to have A&K dismissed from this action. The only issue left for the court to resolve is whether dismissal should be with or without prejudice.

Plaintiff requests that the dismissal be with prejudice but does not give any reason why dismissal with prejudice is warranted. Here, the dismissal is not an adjudication on the merits–therefore, the court finds dismissal without prejudice appropriate.

**B.    A&K's motion to interplead funds (doc. # 20)**

A&K foreclosed on the property on behalf of the homeowners association for $7,050.00.

James C. Mahan
U.S. District Judge

- 2 -

After the homeowner's association collected its money due and owing and after A&K was paid for its services, the excess proceeds are $1,089.73.

A&K seeks to interplead these excess proceeds pursuant to Fed. R. Civ. P. 67(a). This rule provides that a party seeking the disposition of a sum of money "on notice to every other party and by leave of court–may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit." FED. R. CIV. P. 67(a).

A&K requests a court order allowing it to deposit with the clerk of the court the excess proceeds from the homeowners association foreclosure sale of $1,089.73. FHLMC does not oppose A&K's motion to interplead excess funds. The court finds that A&K has no interest in the excess proceeds or the underlying dispute between Ferrell, the buyer at the homeowner's association auction, and FHLMC, the bank that previously foreclosed. The court grants A&K's request.

### III. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant/counter-claimant Federal Home Loan Mortgage Corporation's motion to dismiss plaintiff/counter-defendant Alessi & Koenig, LLC without prejudice (doc. # 18) be, and the same hereby is, GRANTED.

IT I THEREFORE ORDERED that A&K will be dismissed from this action without prejudice following A&K's deposit of the interpleaded funds.

IT IS FURTHER ORDERED that A&K's motion to interplead funds (doc. # 20) be, and the same hereby is, GRANTED.

IT IS THEREFORE ORDERED that A&K deposit $1,089.73 deposit with the clerk of the court within 14 days of entry of this court's order.

DATED August 6, 2013.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -